# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CHARLES ALDRIDGE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 16 C 9477 |
| | ) |
| WEXFORD HEALTH SOURCES, INC., | ) |
| SALEH OBAISI (Medical Director) and | ) |
| LATONYA WILLIAMS (Physician Assistant), | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Charles Aldridge ("Aldridge") has used the Clerk's- Office-supplied form of "Complaint Under the Civil Rights Act, Title 42 Section 1983" to charge Wexford Health Services, Inc., its Medical Director Saleh Obaisi and Physician Assistant Latonya Williams with asserted medical misconduct that meets the Estelle v. Gamble, 429 U.S. 97 (1976) standard of deliberate indifference to serious medical needs. Aldridge's submission has admittedly been prepared under the volunteer auspices of fellow Stateville Correctional Center ("Stateville") inmate Maurice Cannon. This Court's October 24, 2016 memorandum order explained the terms on which Aldridge could go forward with this action, for which purpose it designated a member of this District Court's trial bar to represent him.

It remains to be seen whether Aldridge's designated counsel may elect to proceed with Aldridge's Complaint, which sets out his asserted claim in detail, or whether it should instead be supplanted by a lawyer-drafted Amended Complaint. But in the interim defense counsel have just filed an Answer, coupled with three asserted affirmative defenses ("ADs") -- a pleading that

contains some problematic aspects that have triggered the issuance of this sua sponte memorandum order.

By far the bulk of the Answer's responses to the allegations in Aldridge's Complaint are flat-out denials, as to which this Court makes no comment. Whatever disputes of fact are raised by the allegations and denials will be resolved in the future course of the litigation. But where defense counsel finds that such denials and a much smaller number of admissions (both of which types of response are advanced in accordance with Fed. R. Civ. P. ("Rule") 8(b)(1)(B)) are inappropriate, counsel are entitled to call into play the form of disclaimer permitted by Rule 8(b)(5) -- and they have sought to do so in several instances.

In that respect, however, it must be said that defense counsel have earned a failing grade. Although a pro se prisoner plaintiff such as Aldridge is entitled under the per curiam opinion in Haines v. Kerner, 404 U.S. 519 to have his pleadings read through a generous lens, trained lawyers are not. Here there is simply no excuse for counsel's having abandoned the unambiguous road map charted by Rule 8(b)(5) in favor of a distorted revision (see Section III parts A through I and Complaint ¶¶ 1, 2, 28 and 29), and counsel have compounded that distortion by their impermissible addition of the clause "and therefore deny the same." That of course is oxymoronic -- how can anyone disclaim "sufficient information or belief to respond" to an allegation but then go on to deny it?

Accordingly all of the paragraphs in the Answer referred to in the preceding paragraph are stricken. Leave is however granted to file an appropriate amendment to the Answer (not a fully self-contained Amended Answer) that cures counsel's errors on or before January 16, 2017.

On another note, Answer ¶ 3 asserts that the corresponding paragraph of the Complaint "calls for conclusions of law to which no response is required." That of course is dead wrong-- see, e.g., App'x ¶ 2 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001)) – and that is particularly true as to allegations regarding jurisdiction and venue, both of which are asserted in Complaint ¶ 3. Accordingly the amendment to the Answer, already provided for here, must reframe Answer ¶ 3 properly.

There are also problematic aspects of the ADs advanced on defendants' behalf, as to which defense counsel would do well to read and comply with the principles stated in App'x ¶ 5 to State Farm. Here are the basic problems with each of the proposed ADs:

1. AD 1 is in direct conflict with the obligation of a defendant to credit the allegations of a complaint, together with reasonable inferences in support of those allegations. That being the case, no qualified immunity defense can be advanced as a current AD, though such a defense may be raised if it turns out to be appropriate when the facts of the case (as distinct from allegations) are fleshed out.

2. That is true as to AD 2 as well, as to which the Complaint is replete with allegations as to Aldridge's unsuccessful efforts to seek medical treatment -- allegations as to which this Court of course makes no findings, but which it must credit for current purposes. Hence AD 2 is stricken as well.

3. AD 3 is flawed for exactly the same reason. Although we're well past the Chicago Cubs' World Series victory, defendants' ADs have sustained three called strikes, and each of them is "out."

In short, each of defendants' ADs is stricken, but without prejudice to their possible resuscitation if future development of the case justifies their reassertion.

                                                                                             _____

Date: December 28, 2016                            Milton I. Shadur
                                                                                                 Senior United States District Judge